[Cite as *In re Wiese*, 2011-Ohio-4031.]

# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: LISA S. WIESE


LISA S. WIESE

      Applicant


 Case No. V2011-60379

Commissioners:
E. Joel Wesp, Presiding
Karl C. Kerschner
Necol Russell-Washington

ORDER OF A THREE
COMMISSIONER PANEL

{¶1}On September 20, 2010, the applicant, Lisa Wiese, filed a compensation application as the result of an alleged assault which occurred on April 26, 2010. On January 4, 2011, the Attorney General issued a finding of fact and decision denying the applicant's claim since she failed to prove, by a preponderance of the evidence, that she was a victim of criminally injurious conduct. On January 18, 2011, the applicant submitted a request for reconsideration. On March 18, 2011, the Attorney General rendered a Final Decision finding no reason to modify its initial decision. On April 19, 2011, the applicant filed a notice of appeal from the March 18, 2011 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on July 6, 2011 at 11:05 A.M.

{¶2}The applicant appeared via telephone, while Assistant Attorney General Ashon McKenzie represented the state of Ohio.

{¶3}The applicant recounted the events on the night of April 26, 2010 which led to her injuries. The applicant related that her friend, Mark Miller, after a night of drinking threatened to kill himself. The applicant stated she pleaded with Mr. Miller not to do it, but he became very belligerent requiring her to retreat to the bathroom. Once

inside she called 911.   After a short period she exited the bathroom and grabbed a bullet which was lying on a table.   The applicant believed this was the bullet Mr. Miller intended to use to kill himself.   At that time, Mr. Miller grabbed her wrist and twisted it, to gain control of the bullet.   She again retreated to the bathroom and called 911 again.  A short time later the police arrived, whereupon she left the residence and spoke to a female police officer.   The officer told her to write a statement, but she said she was unable due to her wrist injury.   She then left and went to her home.   The next day she sought medical treatment.   The applicant asserts due to the wrist injury she incurred medical bills and sustained work loss.   She alleged she tried to prosecute Mr. Miller, but she stated the police determined there was insufficient evidence to press criminal charges.

{¶4}Attorney General's position is that the applicant failed to prove, by a preponderance of the evidence, that she was a victim of criminally injurious conduct.   A police investigation conducted at the time of the incident did not corroborate the applicant's version of events and she made no statement to police that she sustained injury.

{¶5}Upon cross-examination, the applicant maintained that she told a female officer about the physical altercation between herself and Mr. Miller and the wrist injury that she sustained.   She related she went to the police department on March 27, a day after the incident to report the injuries she sustained and requested the prosecution of Mr. Miller.   The applicant acknowledged on June 5, 2010, she was again injured by Mr. Miller when he allegedly dropped her intentionally while she was standing on his shoulders.   She conceded she sustained injuries to her right shoulder and hip as the result of this incident.

{¶6}Upon questioning by the commissioners, the applicant asserted she saw the bullet but never saw a gun.   However, after she went into the bathroom the second time she never saw the bullet again.

{¶7}The Attorney General called Jackson Township Police Officer Richard Leon to testify via telephone.   Officer Leon related he was dispatched to an incident at Mark Miller's residence by a 911 operator.   Officer Leon stated that upon arrival, the applicant was agitated about Mr. Miller's threats to harm himself and she appeared intoxicated.   Officer Leon asked both Mr. Miller and Ms. Wiese if they had been injured or if there were fights and both parties said "no."   He asked Mr. Miller about a gun and Mr. Miller indicated he did not have one.   At that time, Officer Leon and his Sergeant entered Mr. Miller's residence to search for a gun and ammunition, but neither item could be located.

{¶8}Officer Leon acknowledged that Ms. Wiese spoke to Officer Marketich, a female officer, at the scene but Officer Marketich never informed him that Ms. Wiese was injured.   Based upon Officer Leon's observation of Ms. Wiese she did not appear to be in any pain and did not request medical attention.   Also, each officer has an audio and video recorder on their person.   As standard procedure a superior officer reviews the audio and video recordings.   Officer Leon related after a review of the recordings, the superior officer found the applicant made no statements concerning a physical altercation or personal injury sustained.   The matter was forwarded to the prosecutor's office for review but no criminal charges were ever filed as the result of this incident.

{¶9}Upon cross-examination, Officer Leon acknowledged that he did not review the 911 call.   He stated a review of the audio and video recording from Officer Marketich revealed that the applicant made no statements about being involved in a physical altercation or being injured.   Whereupon, Officer Leon's testimony was concluded.

{¶10}The applicant asserted that she was a victim of criminally injurious conduct, and that the case was mishandled by the police, the officers lied, and the facts of the incident were covered up.

{¶11}The Attorney General contends only uncorroborated statements of the applicant have been presented.  Such evidence is insufficient to establish criminally injurious conduct.  *In re Minadeo*, V79-3435jud (10-31-80).  The applicant alleges Mr. Miller threatened to harm himself, however, after questioning by the officers and a search of the residence this fact scenario could not be substantiated.  Furthermore, the applicant's allegation of physical injury was not supported by the police report or the testimony of Officer Leon.  Finally, the applicant has failed to satisfy her burden of proof, that she was a victim of criminally injurious conduct.  Accordingly, the Final Decision of the Attorney General should be affirmed.  Whereupon, the hearing was concluded.

{¶12}R.C. 2743.51(C)(1) in pertinent part states:

"(C) 'Criminally injurious conduct' means one of the following:

"(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state."

{¶13}The applicant must prove criminally injurious conduct by a preponderance of the evidence.  *In re Rios* (1983), 8 Ohio Misc. 2d 4.

{¶14}The applicant must produce evidence which furnishes a reasonable basis for sustaining her claim.  If the evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, she fails to sustain the burden as to such issue.  *In re Staten*, V2011-60051tc (5-27-11) citing *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82.

{¶15}The uncorroborated statement of the applicant does not constitute sufficient proof, by a preponderance of the evidence, to establish the criminally injurious conduct. *In re Minadeo*, V79-3435jud (10-31-80).

{¶16}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{¶17}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{¶18}The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.

{¶19}From review of the case file and with full and careful review of all testimony presented and the arguments made by the parties at the hearing, we find the applicant has failed to prove, by a preponderance of the evidence, that she was a victim of criminally injurious conduct. The applicant has the burden of proof to establish her claim and she failed to do so. The only evidence of criminally injurious conduct is her own testimony. However, the Attorney General presented the credible testimony of Officer Leon who was on the scene the night of the incident. His testimony did not support the applicant's allegations that she had been injured by the actions of Mark

Miller. Furthermore, questioning of Mr. Miller and a search of his premises did not lead to the discovery of the alleged gun or bullet which was the crux of applicant's case. Officer Leon also testified an independent review of the audio and video recordings made by himself and Officer Marketich did not reveal that the applicant made statements concerning the physical injuries she sustained.

{¶20}Therefore, the March 18, 2011 decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{¶21}1)   The March 18, 2011 decision of the Attorney General is AFFIRMED;

{¶22}2)   This claim is DENIED and judgment is rendered for the state of Ohio;

{¶23}3)   Costs are assumed by the court of claims victims of crime fund.


_____
E. JOEL WESP
Presiding Commissioner


_____
KARL C. KERSCHNER
Commissioner


_____
NECOL RUSSELL-WASHINGTON
Commissioner

ID #I:\VICTIMS\2011\60379\V2011-60379 Wiese.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Stark County Prosecuting Attorney and to: